IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY CURRENT, | ) | CASE NO. 3:13 CV 685 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| GEAUGA COUNTY SHERIFF'S DEPT., *et al.*, | ) ) ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) ) | |

*Pro se* plaintiff Terry Current filed the above-captioned action under 42 U.S.C. § 1983 against the Geauga County Sheriff's Department, the Champion County Sheriff's Department, the Logan County Sheriff's Department, and the Urbana Police Department. In the complaint, plaintiff alleges he was physically assaulted in prison by gang members because he acted as an informant for the defendants. He seeks $ 4,000,000.00 for "deprival of rights secured." (ECF No. 1 at 1).

## Factual and Procedural Background

Although plaintiff's complaint is quite extensive, it contains no factual allegations and no legal claims. Instead, it is composed entirely of 144 pages of exhibits, which describe events from 2005 to the present. The exhibits are not organized chronologically, or by event, so it is difficult for the Court to determine with accuracy which events are related, when they occurred, and who participated.

Nevertheless, it appears plaintiff may be claiming he and his nephew acted as informants for

detectives in Geauga County, Champion County, and Logan County, but did not receive adequate protection from reprisals. He was in and out of prison from 2003 to the present; however, the actual dates of his incarceration are difficult to determine from the exhibits. It appears plaintiff and his nephew may have been incarcerated during some of the times they acted as an informants.

There are at least four instances in which plaintiff may have assisted the defendants. First, he suggests he helped his nephew to pass information to Logan County detectives pertaining to the murder of a potential witness by fellow inmate, Joseph Rosebrook. He also shared information with Geauga County detectives regarding the murder of Daniel Ott by inmate Chad Smith. Third, he acted as an informant to gain evidence implicating Rosebrook's son in the murder of Carl Stephenson. Finally, after plaintiff was arrested on weapons charges in Urbana, Ohio, he provided Urbana police and Champion County detectives with the name of his weapons supplier.

Plaintiff was attacked by gang members a few days after he arrived at the London Correctional Institution in 2010. Plaintiff claims he was deprived of rights.

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Discussion

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). The complaint must give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest to satisfy federal notice pleading requirements. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff has not articulated any specific claim against the defendants in his complaint, apparently relying on the Court to dig through his exhibits to identify a claim under which he can recover. This is not the role of the courts. Courts cannot construct possible but potentially not asserted claims for any party, including a *pro se* plaintiff, and then proceed to test whether the asserted facts fit that claim or claims so as to evade dismissal of a complaint. The Court's role is to adjudicate disputes, not assist in asserting

them. Because plaintiff has not alleged facts nor asserted legal claims in his pleading, his complaint fails to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure and is dismissed. *See Glass v. Tennessee*, No. 3:10–CV–72, 2011 WL 1226252, at * 2 (E.D.Tenn. Mar. 30, 2011).

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2013

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.